THOMAS I. KNOX *v.* ROBERT M. SMITH, M.D., LLC, ET AL.

ROBERT M. SMITH, M.D., LLC, ET AL. *v.* THOMAS I. KNOX
(AC 31608)

Bishop, Gruendel and West, Js.

language of § 46b-15 would not extend to her without her own application for relief from abuse.

Argued February 3—officially released March 29, 2011

*Jeffrey J. Mirman*, for the appellants (defendants in the first case, plaintiffs in the second case).

*Michael T. McCormack*, for the appellee (plaintiff in the first case, defendant in the second case).

*Opinion*

GRUENDEL, J. The defendants, Robert M. Smith, M.D., LLC, and Robert M. Smith, appeal from the judgments of the trial court denying their amended application to vacate an arbitration award and confirming the

award in favor of the plaintiff, Thomas I. Knox.[1] On appeal, the defendants claim that the court improperly confirmed the award because the arbitrator acted with manifest disregard of the law in contravention of General Statutes § 52-418 (a) (4). We affirm the judgments of the trial court.

The record reveals the following relevant facts and procedural history. On January 20, 2008, the plaintiff commenced arbitration proceedings pursuant to the parties' operating agreement alleging, inter alia, breach of contract and breach of fiduciary duty. Thereafter, extensive hearings were held over the course of three days in April, 2009, before attorney Thomas J. Groark, an arbitrator appointed by the American Arbitration Association. Posthearing briefs and other supplemental materials were submitted to the arbitrator for consideration through June 8, 2009. Then, on July 1, 2009, the arbitrator awarded the plaintiff approximately $325,000, plus interest, as damages for the plaintiff's claims.

On August 5, 2009, the defendants filed an amended application to vacate the arbitration award. In support thereof, the defendants argued that the arbitrator's award exhibited a manifest disregard of the governing law applicable to the plaintiff's claims and, therefore, should be vacated pursuant to § 52-418.[2] Specifically,

---

[1] On July 17, 2009, Thomas I. Knox filed a motion to confirm the arbitration award in a separate action that was already pending at that time. The trial court consolidated the proceedings. For convenience, we refer in this opinion to Robert M. Smith, M.D., LLC, and Robert M. Smith as the defendants and Thomas I. Knox as the plaintiff.

[2] General Statutes § 52-418 provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds . . . (4) [that] the arbitrators have exceeded their powers . . . ." An arbitrator is said to "have exceeded [his or her] powers" in violation of § 52-418 (a) (4) when his or her award either does not conform to the submission for arbitration or the award demonstrates a manifest disregard of the law. See *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 88, 881 A.2d 139 (2005). Here, there is no dispute that the submission to Groark was unrestricted and that the award conformed to the submission.

the defendants maintained that, in light of the evidence presented, the arbitrator could not reasonably have concluded that the plaintiff had proven his claims for breach of contract and breach of fiduciary duty. On October 16, 2009, the court denied the defendants' application to vacate and rendered judgment confirming the award in favor of the plaintiff. This appeal followed.

The defendants now claim that the court improperly denied their application to vacate the award, as the award, when considered together with the "overwhelming evidence" in their favor, demonstrates a manifest disregard of the law in violation of § 52-418 (a) (4). We are not persuaded.

"Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 80, 881 A.2d 139 (2005).

"Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418." (Citations omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 6, 612 A.2d

742 (1992). Pursuant to § 52-418 (a) (4), "an award that manifests an egregious or patently irrational application of the law is an award that should be set aside . . . because [in that case] the arbitrator has exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. We emphasize, however, that the manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotation marks omitted.) *Garrity* v. *McCaskey*, supra, 10.

Here, the defendants' claims can be summarized as an attack on the arbitrator's interpretation and analysis of the evidence presented during and after the arbitration hearings. As the defendants argue, because "the overwhelming evidence" was in their favor, there "can be no doubt" that the arbitrator manifestly disregarded the law in awarding the plaintiff damages for breach of contract and breach of fiduciary duty. One need only look to the arbitrator's award, however, to see that the arbitrator thoroughly considered the defendants' arguments in the context of the plaintiff's claims and, nonetheless, awarded damages in favor of the plaintiff. Further, in rejecting the same claims raised by the defendants on appeal, the trial court, in confirming the award, correctly explained that the arbitrator "has [the] right to interpret, or not interpret . . . the facts based upon not just credibility of the witnesses, but the documents, other exhibits, and . . . testimony . . . ." See *Bridgeport* v. *Kasper Group, Inc.*, 278 Conn. 466, 474–76, 899 A.2d 523 (2006) (explaining broad discretion afforded arbitrators in weighing evidence and issuing awards thereon); see also *Nussbaum* v. *Kimberly Timbers, Ltd.*, 271 Conn. 65, 76, 856 A.2d 364 (2004) ("after parties have signified their willingness to submit to arbitration, arbitrators have the authority to interpret

the provisions of the agreement which are involved in, or applicable to, the facts of the dispute submitted" [internal quotation marks omitted]). In reversing the judgments of the trial court, the defendants would have this court review the conclusions reached by the arbitrator based on his thorough, firsthand analysis of the evidence presented by both parties; that we cannot do. See *Comprehensive Orthopaedics & Musculoskeletal Care, LLC* v. *Axtmayer*, 293 Conn. 748, 754, 980 A.2d 297 (2009) ("[u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact" [internal quotation marks omitted]); *National Association of Government Employees* v. *Bridgeport*, 99 Conn. App. 54, 61, 912 A.2d 539 (2007) ("[courts] are not at liberty to set aside an [arbitrator's] award because of an arguable difference regarding the meaning or applicability of laws urged upon it" [internal quotation marks omitted]). In this case, the arbitrator was tasked with the unrestricted responsibility of resolving the plaintiff's claims for breach of contract and breach of fiduciary duty; that he did, notwithstanding the defendants' arguments to the contrary. See *Saturn Construction Co.* v. *Premier Roofing Co.*, 238 Conn. 293, 304, 680 A.2d 1274 (1996) ("a party cannot object to an award which accomplishes precisely what the arbitrators were authorized to do merely because that party dislikes the results" [internal quotation marks omitted]). Moreover, our review of the record reveals no "extraordinary lack of fidelity to established legal principles"; *Garrity* v. *McCaskey*, supra, 223 Conn. 10; that would justify vacatur of the award pursuant to § 52-418 (a) (4). Accordingly, the defendants' claim fails.

The judgments are affirmed.

In this opinion the other judges concurred.