## BETWEEN ROUNDS FRANCHISE CORPORATION ET AL. *v.* EDGR REAL ESTATE, LLC*

Superior Court, Judicial District of New Britain
File No. CV-09-5014622-S

* Affirmed. *Between Rounds Franchise Corp.* v. *EDGR Real Estate, LLC*, 134 Conn. App. 857, 40 A.3d 342 (2012).

Memorandum filed April 26, 2011

*Proceedings*

*David A. Haught*, for the plaintiffs.

*William C. Charamut*, for the defendant.

HON. LOIS TANZER, JUDGE TRIAL REFEREE. The plaintiffs, Between Rounds Franchise Corporation and Between Rounds Rocky Hill, LLC, filed an application for an order compelling arbitration of a lease dispute with the defendant, EDGR Real Estate, LLC, their landlord. The court issued the order to compel arbitration and the matter went before an arbitration panel. Only the plaintiffs were present at the hearing. The panel found in the plaintiffs' favor.

Thereafter, the plaintiffs filed a motion to confirm the award, and the defendant filed a motion to vacate or modify the award. The defendant moves to vacate the award, arguing that the panel denied its request to postpone the hearing and that such denial caused it substantial prejudice. In the alternative, the defendant moves for a modification of the award, arguing that the parties previously agreed that awards would be paid over a ten year period rather than as a lump sum.

The court finds, for the following reasons, (1) that the defendant has not demonstrated that the actions of the panel caused it substantial prejudice, and (2) that a modification of the award is unwarranted because there is no material miscalculation on the face of the award. Therefore, the motion to vacate or modify the award is denied. The motion for an order confirming the award is granted.

I

BACKGROUND

The defendant asserts the following in its motion to vacate or modify. The court ordered the parties to proceed to arbitration of their lease dispute on January 25, 2010. Because of financial problems, the defendant's counsel withdrew from representation with court approval on November 1, 2010. Thereafter, the panel granted the defendant's motion to postpone the hearing date from November 9, 2010, to December 1, 2010.

Without adequate funds to pay for the arbitration and without counsel willing to represent it, the defendant requested a second postponement on November 30, 2010, one day before the hearing was scheduled to begin. The panel upheld the plaintiffs' objection to the request.

On December 1, 2010, the hearing began without the defendant present. The panel stated on the record that the defendant never appeared to argue its case for a postponement. Believing that it could not argue for a postponement on the first day of the hearing and that it could not mount an adequate defense without counsel, the defendant simply chose not to attend.

On December 16, 2010, the panel issued its decision in favor of the plaintiffs, ordering a substantial cash award. The panel ordered payment in a lump sum. The

defendant received notice of the decision on December 16, 2010.

## II

## DISCUSSION

The Appellate Court has stated: "Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *Knox* v. *Smith*, 127 Conn. App. 593, 596, 14 A.3d 495 (2011). Accordingly, the appellate courts "have recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418." (Internal quotation marks omitted.) Id.

"The party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it . . . ." (Internal quotation marks omitted.) *Bridgeport* v. *Kasper Group, Inc.*, 278 Conn. 466, 474, 899 A.2d 523 (2006). If such party fails to carry such burden, then the court has no discretion but to confirm the award. See *Middlesex Mutual Assurance Co.* v. *Komondy*, 120 Conn. App. 117, 128, 991 A.2d 587 (2010). Accordingly, the court will consider the motion to vacate or modify first.

A

## Motion to Vacate or Modify

In its motion, the defendant seeks to vacate the award issued in the plaintiffs' favor. In the alternative, the defendant also seeks to modify the award. The court will first consider the motion to vacate and then the motion to modify.

1

## Motion to Vacate

Under General Statutes § 52-418 (a), "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

The defendant invokes subdivision (3) of § 52-418 (a), arguing that the arbitrators caused prejudice to its interests by denying its request for a second postponement. The defendant contends that it did not appear to argue such request on December 1, 2010, because the panel misled it into believing that it had denied the request on November 30, 2010. The defendant also argues that the request should have been granted because, without the extra time, it could not have competently prepared an adequate defense.

The plaintiffs object to the motion to vacate. They contend that the panel did not deny the request for a second postponement on November 30, 2010, but rather informed the parties that it would hear argument on the request on December 1, 2010. The plaintiffs further contend that no one appeared on the defendant's behalf, even though a representative of the defendant stated that he would appear on its behalf. Finally, the plaintiffs assert that the panel held the evidence open beyond December 1, 2010, to give the defendant an opportunity to present its case.

The court rejects the defendant's arguments for the following reasons. First, the evidence submitted by the defendant, a copy of the applicable lease and a copy of the award, does not indicate that the panel denied the defendant's request for a postponement prior to December 1, 2010. Nowhere does the panel state in the award that it had denied the request prior to December 1, 2010; it merely stated that it agreed that it would hear the parties' arguments as to the request on that date. The award states that: "At 1:40 p.m. on November 30, 2010—the day before the scheduled hearing—the panel received a written request for continuance from Respondent [i.e., the defendant]. . . . Because Claimants [i.e., the plaintiffs] objected, the panel agreed to hear the parties on December 1, 2010." (Citation omitted.) On December 1, 2010, the panel proceeded to hear the Claimants' case because the Respondent did not appear to argue its request for a postponement." The defendant submitted no evidence contradicting this language.

Second, the defendant has provided no evidence that the panel misled the defendant into believing it had denied the request prior to December 1, 2010. In fact, the plaintiffs submitted undisputed evidence, a November 30, 2010 e-mail, indicating that the members of the panel had explicitly informed the person who had

requested the second postponement on behalf of the defendant that: "The panel of arbitrators will hear oral argument on your request tomorrow morning [December 1, 2010] at 9:30 a.m. . . ." The e-mail states further that: "If your request is granted, the hearing will be rescheduled. If your request is not granted, we will proceed with the hearing."

Finally, the defendant submitted no evidence establishing that it had demonstrated to the panel sufficient cause to obtain a postponement. It did not submit the written request it sent to the panel. It did not attempt to show what facts the panel knew, other than that the defendant's counsel had withdrawn on November 1, 2010, that required the panel to grant the second request in order to avoid prejudice to the defendant's interests.

In summary, the evidence submitted by the defendant fails to demonstrate that it was prejudiced by any act of the panel. Accordingly, the court finds that the defendant has not carried its burden to demonstrate that the award should be vacated under § 52-418 (a) (3).

2

### Motion to Modify

Pursuant to General Statutes § 52-419 (a), "[u]pon the application of any party to an arbitration, the superior court . . . shall make an order modifying or correcting the award if it finds any of the following defects: (1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, thing or property referred to in the award; (2) if the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted; or (3) if the award is imperfect in matter of form not affecting the merits of the controversy."

The defendant contends that the award should be modified under § 52-419 (a) (1) because the parties agreed that any "payout" made by the defendant would be made in installments over a ten year period. It argues that the panel miscalculated the award by failing to structure it in accordance with this provision. The plaintiff argues that because the defendant breached the lease, as the panel found, it is not entitled to the benefit . of any of the provisions, including the ten year payment provision.

In order for the court to modify an award pursuant to subdivision (1) of § 52-419 (a), there must be a miscalculation or misdescription that is evident on the face of the award. *Milford* v. *Coppola Construction Co.*, 93 Conn. App. 704, 717–18, 891 A.2d 31 (2006). The court will not examine, de novo, the evidence presented to the arbitrator in order to recalculate the award. See id., 718. Accordingly, the court cannot use provisions in the lease or any other outside evidence to determine whether the award was miscalculated. The court finds that it is not evident from the face of the award that the panel miscalculated the award by failing to make such award payable over ten years.

The defendant cites *Chmielewski* v. *Aetna Casualty & Surety Co.*, 218 Conn. 646, 591 A.2d 101 (1991), in support of its position that the court can correct the award to conform to the intent of the parties as expressed in the lease. That case is distinguishable. In that case, the Supreme Court stated: "Unlike the court's more limited role in reviewing voluntary arbitration awards, where the court in most cases simply compares the award to the submission, in a compulsory arbitration case the court must have the authority to enter an appropriate order modifying the award so as to reflect those factual findings and that legal determination, and thus to effect the intent of the award as it should have been rendered under the law and to promote justice

between the parties." Id., 679. The present case involves a voluntary arbitration, which "arises where parties freely enter an agreement to settle disputes through arbitration," whereas *Chimielewski* involved an award made pursuant to arbitration compelled by statute. *Milford* v. *Coppola Construction Co.*, supra, 93 Conn. App. 717 n.4. The other case cited by the defendant, *Lawrence* v. *New Hampshire Ins. Co.*, 29 Conn. App. 484, 490, 616 A.2d 806, cert. denied, 224 Conn. 923, 618 A.2d 528 (1992), also involved compulsory arbitration.

3

Conclusion

On the basis of the above, the court finds that the defendant has failed to demonstrate that the award should be vacated on the basis of § 52-418 (a) (3). Furthermore, the court finds that a modification of the award pursuant to § 52-419 (a) (1) is unwarranted. Therefore, the court denies the motion to vacate or modify in its entirety.

B

Motion for Order Confirming the Award

Because the court has denied the motion to vacate or modify filed in this case, the court lacks any discretion but to confirm the award. See *Middlesex Mutual Assurance Co.* v. *Komondy*, supra, 120 Conn. App. 128. Therefore, the motion for an order confirming the award is granted.