J-S70014-14

2015 PA Super 90

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LAFONCE LEATHERBY | |
| Appellant | No. 510 EDA 2014 |

Appeal from the Judgment of Sentence March 8, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002263-2011
CP-51-CR-0003522-2011
CP-51-CR-0003524-2011

BEFORE:  LAZARUS, J., MUNDY, J., and STRASSBURGER, J.[*]

DISSENTING OPINION BY MUNDY, J.:              **FILED APRIL 21, 2015**

I cannot agree with the learned Majority's decision to address the merits of this case.  In my view, this Court lacks jurisdiction to do so.  As I would quash this appeal for want of appellate jurisdiction, I respectfully dissent.

Pennsylvania Rule of Appellate Procedure 903(c)(3) requires that a defendant's notice of appeal be filed "within 30 days of the imposition of the judgment of sentence in open court."  Pa.R.A.P. 903(c)(3).  It is axiomatic that the "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace."  ***Commonwealth v. Burks***, 102

_____

[*] Retired Senior Judge assigned to the Superior Court.

A.3d 497, 500 (Pa. Super. 2014) (citation omitted). Pennsylvania Rule of Criminal Procedure 720 states that a post-sentence motion must be filed within ten days of the sentencing being imposed. Pa.R.Crim.P. 720(A)(1). When such a motion is timely filed, the Rule 903(c)(3) appeal period is tolled. *Id.* at 720(A)(2). However, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]" *Id.* at 720(A)(3).

Moreover, relevant to this appeal, our Supreme Court has disapproved the practice of hybrid representation at all levels of the Pennsylvania courts. ***Commonwealth v. Cooper***, 27 A.3d 994, 1000 n.9 (Pa. 2011). Generally, *pro se* filings by a defendant who at the time of filing is represented by counsel are considered legal nullities. ***Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010). Our Supreme Court has stated that Rule 576(A)(4), requiring the prothonotaries to forward all *pro se* filings to counsel upon receipt, reflects this policy. ***Commonwealth v. Padilla***, 80 A.3d 1238, 1259 (Pa. 2013), *cert. denied*, ***Padilla v. Pennsylvania***, 134 S. Ct. 2725 (2014).

In this case, as the Majority notes, Appellant's counsel told the trial court on the record at sentencing on March 8, 2013, that he would file Appellant's post-sentence motion within ten days of sentencing, as required by Rule 720 to toll the appeal period. N.T., 3/8/13, at 71. However, counsel did not file said motion; accordingly, the appeal period was not

tolled.  ***See generally*** Majority Opinion at 5.  As a result, Appellant's notice of appeal was due on April 8, 2013.[1]  The instant notice of appeal was filed on February 12, 2014, 341 days after the trial court imposed its sentence in open court.  Therefore, Appellant's notice of appeal was facially untimely.

The Majority agrees with Appellant that he was unrepresented for the entire post-sentence motion filing period.  Majority Opinion at 6.  The Majority therefore concludes that we may address Appellant's untimely appeal due to "an administrative breakdown on the part of the trial court."  ***Id.***  I cannot agree with the Majority's premise nor with its conclusion.  As noted above, the record reveals that Appellant was represented during the ten-day post-sentence motion filing period, as Appellant's counsel told the trial court he would file said motion within ten days.  N.T., 3/8/13, at 71.  I do not believe counsel's failure to file Appellant's motion can be excused as a breakdown of the trial court's operations.  In my view, counsel's error cannot be equated to a breakdown in court process.  ***Cf. Rothstein v. Polysciences, Inc.***, 853 A.2d 1072, 1075 (Pa. Super. 2004) (stating, "[c]ases involving a breakdown in court operations often involve **a failure on the part of the prothonotary to fulfill his or her ministerial duties**,

_____

[1] The 30th day fell on Sunday, April 7, 2013.  When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation."  1 Pa.C.S.A. § 1908.  Therefore, the 30th day for Appellant to file a timely notice of appeal was on Monday, April 8, 2013.

such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties[]") (emphasis added).[2]  Rather, this is more akin to an instance where Appellant may have been abandoned.  Although this may result in the restoration of his post-sentence motion or direct appeal rights *nunc pro tunc* through the Post Conviction Relief Act (PCRA),[3] it does not, in my view, permit this Court to excuse Appellant's untimely notice of appeal.[4]

_____

[2] I note "[s]ince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in [civil] cases construing those rules are equally applicable in [criminal] cases."  **Lineberger v. Wyeth**, 894 A.2d 141, 148 n.4 (Pa. Super. 2006), *citing* **Kanter v. Epstein**, 866 A.2d 394, 400 n.6 (Pa. Super. 2004), *appeal denied*, 880 A.2d 1239 (Pa. 2005), *cert. denied*, **Spector Gadon & Rosen, P.C. v. Kanter**, 546 U.S. 1092 (2006).

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] Although not specifically relied on by the Majority, I note that the trial court lost jurisdiction over the case on April 8, 2013, 30 days after it imposed sentence in open court.  **See** 42 Pa.C.S.A. § 5505 (stating, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed[]"); **accord Commonwealth v. Holmes**, 933 A.2d 57, 65 (Pa. 2007) (stating, "Section 5505 … recognizes the removal of jurisdiction upon appeal … and the removal of jurisdiction upon the end of the term of court or the statutory thirty-day expansion of that time[]").  Furthermore, this Court has held that a trial court may not *sua sponte* reinstate a defendant's post-sentence motion or direct appeal rights *nunc pro tunc* in the absence of a PCRA petition being filed before the court.  **Commonwealth v. Turner**, 73 A.3d 1283, 1285 n.2 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014); **see also** 42 Pa.C.S.A. § 9545(a) (stating, "[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter[]").  No PCRA petition has been filed.  As a
*(Footnote Continued Next Page)*

Based on the foregoing, Appellant's February 12, 2014 notice of appeal was untimely, as it was filed 341 days after the trial court imposed its sentence in open court. Accordingly, I would conclude that we are without jurisdiction and quash this appeal. I respectfully dissent.

_(Footnote Continued)_ ————————————

result, the trial court lacked the judicial power when it entered its June 5, 2013 order, _sua sponte_ extending the post-sentence motion filing period.